IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | Criminal No: RDB-13-0530 |
| **KENNETH ROBINSON, et al.,** | * | |

\* \* \* \* \*\*\* \* \* \* \*

## MOTION TO SEVER

The defendant, Kenneth Robinson, through his attorneys, James Wyda, Federal Public Defender for the District of Maryland, and Paul D. Hazlehurst, Assistant Federal Public Defender, hereby moves this Honorable Court, moves this Honorable Court, pursuant to Rule 14 of the Federal Rules of Criminal Procedure, to sever the defendant from the indictment pending in the above-captioned case and try the defendant separately from the other defendants named in the indictment. As grounds therefore the defendant states as follows:

1. 1. Mr. Robinson is currently charged in a two-count indictment in the above-captioned case with Conspiracy to Commit Sex Trafficking in violation of Title 18, Section 1594(c) of the United States Code and Sex Trafficking in violation of Title 18, Section 1591(a).

2. Also charged in Count One of the indictment are Jeffrey Clark, Craig Judy and Cheralynn Crawford. Mr. Clark is represented by Michael D. Montemarano, Esquire. Mr. Mr. Judy is represented by Alan R. L. Bussard, Esquire, and Ms. Crawford is represented by Harry D. McKnett, Esquire.

3. Rule 8(b) of the Federal Rules of Criminal Procedure permits that "[t]wo or more defendants may be charged in the same indictment or information if they are alleged to have

participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." FED. R. CRIM. P. 8(b).

4. Rule 14 of the Federal Rules of Criminal Procedure provides that "[i]f it appears that a defendant . . . is prejudiced by a joinder of . . . defendants in an indictment . . . the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires." FED. R. CRIM. P. 14

5. Severance of defendants is required under Rule 14 where "there is such a stark contrast presented by the defenses that the jury is presented with the proposition that to believe the core of one defense it must disbelieve the core of the other . . . or that the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty." *United States v. Najar*, 300 F.3d 466, 474 (4th Cir. 2002).

6. To the extent that such defenses are presented by the defendants at trial of this case, severance is required.

7. In the alternative, co-defendants may be willing to offer exculpatory testimony on behalf of Mr. Robinson.

8. Severance may be required to permit a co-defendant to offer exculpatory testimony on behalf of another defendant. *United States v. Reavis*, 48 F.3d 763, 767-768 (4th Cir. 1995).

9. In order to gain severance on the basis that a co-defendant will offer exculpatory testimony, a defendant must show: "(1) a bona fide need for the testimony; (2) the likelihood that the co-defendant would testify at a second trial and waive his Fifth Amendment privilege; (3) the substance of his co-defendant's testimony; and, (4) the exculpatory nature and effect of such testimony. " *Id*.

10. To the extent that Mr. Robinson can establish that these criteria are fulfilled, severance is required.

**WHEREFORE**, for the foregoing reasons as well as any other reasons developed at a hearing on the matter, the defendant moves that he be severed from the indictment and be tried separately from other defendants named in the indictment pending in the above-captioned case.

    Respectfully submitted,

    JAMES WYDA
    Federal Public Defender
      for the District of Maryland


    _____
    PAUL D. HAZLEHURST, Bar No: 08156
    Assistant Federal Public Defender
    Office of the Federal Public Defender
    Bank of America Center,  Tower II
    100 S. Charles St., Suite 1100
    Baltimore, Maryland 21201
    (410) 962-3962
    paul.hazlehurst@fd.org

## **MEMORANDUM OF POINTS AND AUTHORITIES**

1. *United States v. Najar,* 300 F.3d 466 (4th Cir. 2002)
2. *United States v. Reavis*, 48 F.3d 763 (4th Cir. 1995)
3. Rule14 of the Federal Rules of Criminal Procedure
4. Rule 8 of the Federal Rules of Criminal Procedure.

                                              _____
Paul D. Hazlehurst
Assistant Federal Public Defender

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th of January, 2014, a copy of the foregoing Motion to Sever was delivered to Ayn B. Ducao, Assistant United States Attorney, 36 South Charles Street, Maryland 21201 and all other counsel of record

_____/s/_____
Paul D. Hazlehurst
Assistant Federal Public Defender

-5-